**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON**

In re:
**WIKELEY FAMILY TRUSTEE LTD.**
**(In Liquidation),**

    **Debtor,**

                **CIVIL ACTION NO. 5:25-402-KKC**

_____

**MARKUS A. STADLER**

    **Appellant,**

**v.**                            **OPINION AND ORDER**

**WIKELEY FAMILY TRUSTEE LTD.**
**(In Liquidation),**

    **Appellee.**

\*\*\* \*\*\* \*\*\*

With this action attorney Markus A. Stadler seeks to appeal two orders entered by the United States Bankruptcy Court for the Eastern District of Kentucky. The representatives for the debtor in the bankruptcy proceeding move to dismiss this appeal (R. 2) arguing that Stadler does not have standing because he was not a "person aggrieved" by either of the orders from which he appeals. The Court agrees, and so it will grant this motion.

To understand this action, it is necessary to explain its roots, which is a lawsuit filed in Kentucky state court involving two New Zealand companies: The Wikeley Family Trust (the "Trust") and Kea Investments Ltd. (R. 7 Response 3.) In that action, the Trust sued Kea for breach of contract. Kea never answered or otherwise responded to the complaint, and the Trust

obtained a default judgment of more than $123 million against Kea. (*Id*.) That action is related to this one because the trustee of the Trust is the Wikeley Family Trustee Ltd. (the "Debtor Trustee"), which is the debtor in this action. (*See* R. 1-1, Default Judgment, *Gibson, et al. v. Wikely, Inc., et al.*, Case No. 5:23-116 (E.D. Ky. filed Apr. 17, 2023)).

Kea sought to avoid enforcement of the Kentucky state judgment in a few ways, including by appealing it to the Kentucky Court of Appeals, a case that appears to remain pending. *See Gibson v. Wikeley, Inc.*, 670 F. Supp. 3d 423, 426 (E.D. Ky. 2023). Kea also asserted an action in the High Court of New Zealand against the Debtor Trustee and others, arguing that the default judgment was obtained by fraud. *Id.*

The New Zealand court appears to have agreed with Kea. It issued an order that enjoined the Debtor Trustee from enforcing the Kentucky default judgment and from enforcing or otherwise acting on the Debtor Trustee's assignment of its interest in the default judgment to Wikeley Inc., a related company. *Id.* (*See also* R. 1, Petition Ex. 1, *In re Wikeley Family Trustee Ltd.*, Bankr. No. 23-50420 (Bankr. E.D. Ky. filed Apr. 20, 2023) ("Bankruptcy Case")). The New Zealand Court also appointed two insolvency practitioners (the "Foreign Representatives") to serve as interim liquidators of the Debtor Trustee. (R.1, Petition Ex. 1, Bankruptcy Case.)

The Foreign Representatives for the Debtor Trustee then filed a "Chapter 15 Petition for Recognition of a Foreign Proceeding" in the United States Bankruptcy Court for the Eastern District of Kentucky. (R. 1, Petition, Bankruptcy Case.) The purpose of Chapter 15 of the Bankruptcy Code is to allow for the effective management of insolvency cases involving debtors, creditors, claimants, and other parties of interest that are located in more than one country. A Chapter 15 case is commenced in the U.S. by the foreign representative of the foreign debtor filing a petition for recognition of the foreign proceeding with the required documentation, which

includes documents showing the existence of the foreign proceeding and the appointment of the foreign representatives for the insolvent entity. In response to the petition, the bankruptcy court may enter an order "recognizing" the foreign proceeding. If the bankruptcy court does so, then certain provisions of the Bankruptcy Code immediately take effect including the automatic stay. *See* https://www.uscourts.gov/court-programs/bankruptcy/bankruptcy-basics/chapter-15-bankruptcy-basics.

By order dated May 25, 2023 (the "Recognition Order"), the bankruptcy court recognized the New Zealand action as a foreign main proceeding under Chapter 15. (R. 1-2, Recognition Order.) On June 12, 2023, Wikeley, Inc. appealed the Recognition Order to this Court. (*See Wikeley, Inc. v. Wikeley Family Trustee Limited, et al.*, No. 5:23-172-GFVT (E.D. Ky. filed June 12, 2023) ("Recognition Order Appeal")). However, Judge Van Tatenhove dismissed that appeal after Wikeley, Inc. failed to file an opening brief or respond to a show cause order demonstrating why the case should not be dismissed. (R. 5, Dismissal Order, Recognition Order Appeal.)

Back in bankruptcy court, more than two years after the Recognition Order was entered, on September 1, 2025, Oliver Wikeley, a beneficiary of the Wikeley Family Trust, moved to vacate the Recognition Order. (R. 253, Motion for Vacatur, Bankruptcy Case.) The bankruptcy court denied that motion by order dated October 14, 2025. (R. 1-1 Order.)

Stadler now appeals the Recognition Order and the order denying the motion to vacate it (together, the "Recognition Orders"). The Debtor Trustee's Foreign Representatives move to dismiss this appeal. They make several arguments, one of which is that Stadler does not have standing to appeal the Recognition Orders because he was not a party to the bankruptcy proceeding. "A distinctive standard—the 'person aggrieved' doctrine—applies to assess standing in appeals from the bankruptcy court, in which the question is whether the party who appealed

the bankruptcy court's order was sufficiently aggrieved by that order." *In re Murray Energy Holdings Co.*, 624 B.R. 606, 611 (B.A.P. 6th Cir. 2021) (internal quotations and citation omitted). "The doctrine has been exclusively invoked to limit which parties may initiate appeals from the bankruptcy court to the district court or the Bankruptcy Appellate Panel." *Id*. at 611-12 (citation omitted).

"Appellate standing under the 'person aggrieved' doctrine is narrower than Article III standing." *Id*. It is also more limited than standing in bankruptcy court. *Id*. The doctrine limits appellate standing to only those "persons with a direct, pecuniary interest in the bankruptcy court's order, which has been interpreted to mean the order directly diminishes a person's property, increases his burdens, or impairs his rights." *Id*. (internal quotations and citation omitted).

Stadler has never been a party to the bankruptcy proceeding. He is an attorney in the British Virgin Islands who is not a member of the Kentucky bar. His name does not pop up in the bankruptcy proceeding docket until August 2025, years after the bankruptcy court entered the 2023 Recognition Order. That is when a local attorney moved the bankruptcy court for Stadler's admission pro hac vice to represent Oliver Wikeley. (R. 215, Bankruptcy Case.) The bankruptcy court initially granted Stadler pro hac vice admission (R. 219, Bankruptcy Case), but days later vacated that order. This was because Stadler had represented the Debtor Trustee in the Kentucky state court action that resulted in the default judgment but sought to represent Oliver Wikeley in the bankruptcy proceeding and take a position "directly adverse" to the Debtor Trustee. (R. 224, Bankruptcy Case.)

Thus, Stadler was not a party to the bankruptcy proceeding and did not ultimately represent anyone who was a party to the bankruptcy proceeding. The Recognition Orders do not,

4

therefore, in any way directly diminish Stadler's property, increase any burden on him, or impair his rights. They recognize a foreign proceeding to which he is not a party.

Stadler does not even argue that the Recognition Orders have any *direct* impact on him. He argues that the orders *indirectly* impact him. This is because, after denying him pro hac vice admission, in October 2025 the bankruptcy court issued another order finding Stadler in contempt. In the contempt order, the bankruptcy court found that Stadler had "ignored" the court's orders denying Stadler pro hac vice status. The bankruptcy court found that Stadler had "furtively continued" to represent Oliver Wikeley against the interests of the Debtor Trustee "by ghostwriting papers for another lawyer to file on Oliver's behalf." (R. 291, Bankruptcy Case.) The bankruptcy court assessed a $5,000 fine against Stadler and directed the clerk of the bankruptcy court to mail the contempt order to the bar associations of which Stadler is a member. Stadler has appealed the contempt order in a separate appeal to this Court. *See Stadler v. Gibson, et al.*, No. 5:25-373 (filed Oct. 9, 2025).

Whether Stadler has standing to appeal the contempt order is not an issue in this case. The issue here is whether he has standing to appeal the Recognition Orders that were entered in a proceeding to which he concedes he was not a party. Stadler argues that, had the bankruptcy court never recognized the New Zealand action as a foreign proceeding, it could not have exercised jurisdiction over the bankruptcy proceeding, meaning it could not have issued the contempt order. He argues, if the Recognition Orders were to be overturned on appeal, then every order issued by the bankruptcy court in the bankruptcy proceeding would be vacated, including the contempt order.

Even under this argument, however, the Recognition Orders have at most an *indirect* impact on Stadler. This is not sufficient for appellate standing in a bankruptcy case. A "principal

5

rationale" of the "person aggrieved" doctrine is to "prevent parties indirectly affected by bankruptcy-court rulings from bringing appeals on tangential issues." *In re Murray Energy Holdings Co.*, 624 B.R. at 612.

In support of his argument that he has standing, Stadler cites *U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72 (1988), which states, "The right of a nonparty to appeal an adjudication of contempt cannot be questioned. The order finding a nonparty witness in contempt is appealable notwithstanding the absence of a final judgment in the underlying action." *Id*. at 76. The issue here, however, is not Stadler's right to appeal the contempt order. The question in this case is whether he has the right to appeal the Recognition Orders.

Stadler argues that he should be able to appeal the Recognition Orders precisely because he was not involved in the bankruptcy proceeding when the orders were issued. He argues that, since he did not have the opportunity to object to the bankruptcy court entering the Recognition Orders, he should be able to appeal them. (R. 7 Response 5.) But a person does not have standing to appeal an order in a bankruptcy proceeding just because they were not able to object to the order in the bankruptcy court. If so, every person would have a right to appeal every order in every bankruptcy action.

Finally, Stadler cites Federal Rule of Bankruptcy Procedure 8003(a)(4), which provides, "The notice of appeal encompasses all orders that, for purposes of appeal, merge into the identified judgment or appealable order or decree." This rule does not, however, deal with standing to bring a bankruptcy appeal. It simply addresses which orders are included in a proper appeal. Thus, while this rule might mean that Stadler can challenge the Recognition Orders in his appeal of the contempt order, it does not mean he has standing to appeal the Recognition Orders in a separate action. Stadler himself seems to recognize that this rule addresses, not his standing

to bring this appeal, but rather which orders are included in his appeal of the contempt order. He asserts that his "challenge to the Recognition Orders merges into his appeal of the final Contempt Orders." (R. 7 Response 19-20.)

For all these reasons, the Court hereby ORDERS as follows:

1)   The Foreign Representatives' motion to dismiss this appeal (R. 2) is GRANTED;

2)   This appeal is DISMISSED and STRICKEN from the Court's active docket;

3)   Stadler's motion to consolidate this appeal (R. 8) with the appeal of the contempt order is DENIED as moot; and

4)   The Court will enter judgment consistent with this opinion.

May 27, 2026

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

*****

7